No. 12,353.

W. H. FITZPATRICK VS. HUNTER C. LEAKE.

An adjudication by a tax collector at public auction in pursuance of Act 82 of 1884, in the enforcement of taxes for years prior to 1879, against the assessment of which the absence of no jurisdictional prerequisite has been urged, passes to the adjudicatee an irredeemable and unencumbered title.

APPEAL from the Civil District Court for the Parish of Orleans.
    *Théard, J.*

---

*Dart & Kernan* for Plaintiff, Appellee.

---

*Farrar, Leake & Lemle* for Defendant, Appellant.

---

Submitted on briefs February 19, 1897.
Opinion handed down March 1, 1897.

---

The opinion of the court was delivered by

WATKINS, J. This suit is the supplement of one of same title, No. 11,817, which was decided by this court, 47 An. 1643, and the plaintiff's demands rejected as of non-suit, mainly upon the ground that the objection to the tendered title was that it had been derived

through J. Q. A. Fellows against whom a certain judicial mortgage had been once recorded, and the tax title, by which it had been discharged presumably, had not been produced and filed in evidence.

By consent of parties, and for their mutual convenience, the decree was so altered as to open the case and remand it to the lower court for additional proof.

When the case went back to the court below, the additional evidence was supplied, and a judgment rendered in favor of the plaintiff condemning the defendant to accept title to the property, and from that judgment the latter prosecutes this appeal.

The authentic act of sale on which plaintiff relies as discharging the judicial mortgage against the property in question whilst the title thereto was in J. Q. A. Fellows, bears date December 20, 1889, and shows the following facts, viz.:

That the State tax collector acting on the authority, and in pursuance of the provisions of Act 82 of 1884, advertised for sale, and sold at public auction the property in controversy, being square No. 637 in the Sixth District of the city of New Orleans, bounded by Clara, Arcadia, Marengo and Milan streets, on the seventh of November, 1889, to enforce the payment of the unpaid taxes of the years 1871, 1872, 1873, 1874, 1875, 1876, 1878, and which had been assessed in the name of J. Q. A. Fellows as the then owner thereof, when Clara A. Friend, wife of Thomas W. Montgomery, became the purchaser, for the sum and price of two dollars; and thereupon said property was adjudicated to her, and said price was received in full and final payment and satisfaction of the State, city, parish and municipal taxes due thereon, prior to the 31st of December, 1879, and same was declared to be an absolute and irredeemable title to said property.

The act of sale evidencing said adjudication was duly signed by the tax collector, and the adjudicatee, duly authorized by her husband, as well as by the notary and two witnesses; and it was duly registered in the conveyance office on the date of its execution, and in the mortgage office on the 11th of January, 1890.

The act appears to be perfectly regular in form, and to perfectly conform to the law under the sanction and authority of which it was made.

One objection which is urged by the defendant to the title is, that J. Q. A. Fellows, the tax and judicial mortgage debtor, was required

to intervene in the act of sale from Mrs. Montgomery, the tax adjudicatee, to the plaintiff, and ratify the sale.

The answer to that is, that if all that is claimed for Act 82 of 1884 be correct in law, the judicial mortgage against the property was discharged by the adjudication to Mrs. Montgomery, and the property passed to her free of *any* encumbrance; consequently, the intervention of Fellows in Mrs. Montgomery's act of sale to the plaintiff was without any legal effect or necessity.

That the adjudication to Mrs. Montgomery did pass an absolutely irredeemable and complete title to the property, free of all mortgages and other encumbrances—provided there be exhibited no absolute nullities in the assessment proceedings, jurisdictional in character—is attested by frequent and repeated adjudications of this court, some of which are the following, to-wit: *In re* Lake, 40 An. 142; *In re* Douglas, 41 An. 765; Henderson vs. Ellerman, 47 An. 306; Dibble vs. Leppert, 47 An. 798.

The second proposition is, that *if* Fellows had any latent interest in the property at the time it was conveyed by Mrs. Montgomery to the plaintiff, same was still affected by said judicial mortgage.

But, in deciding the foregoing proposition, we held that Mrs. Montgomery's title was clear, absolute and irredeemable, without the aid of the intervention of Fellows; and the necessary consequence is, that the latter had no latent interest in the property to be affected by the judicial mortgage.

On both propositions we regard the case as being clearly with the plaintiff.

Judgment affirmed.